UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Micah Anderson, | Case No. 22-cv-0426 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Omar Ishrak, Medtronic, Todd Weaver, and Geoffrey Martha, | |
| Defendants. | |

---

Before the Court is Plaintiff Micah Anderson's complaint, (Dkt. 1), and applications to proceed *in forma pauperis*, (Dkts. 2, 3). For the reasons addressed below, the Court dismisses this lawsuit without prejudice as frivolous and for lack of jurisdiction, and denies Anderson's applications as moot.

A district court has inherent authority to dismiss a frivolous lawsuit. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989). Unlike a complaint that fails to state a claim, a frivolous lawsuit lacks even "an arguable basis either in law or in fact" or relies on an "indisputably meritless legal theory" or allegations that are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *accord Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). A district court cannot summarily dismiss a lawsuit as frivolous if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. But a lawsuit may be dismissed as frivolous if the factual allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* (internal quotation marks omitted).

Anderson appears to raise claims related to the Eighth Amendment to the United States Constitution, patents and negligence. The Court addresses each allegation in turn.

Anderson's complaint contains the phrase "8th Amendment." Although Anderson may seek relief under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights, "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Because no Defendant in this lawsuit is alleged to be a state actor, any attempt by Anderson to seek relief under Section 1983 for alleged violations of his Eighth Amendment rights is impermissible. In addition, Anderson provides no details regarding the alleged violation of his Eighth Amendment rights beyond his reference to the Eighth Amendment. For these reasons, the Court dismisses Anderson's Eighth Amendment claim as frivolous.

Anderson's complaint also mentions patents. A claim for patent infringement involves a two-step analysis. *See Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993). The court must first determine the scope and meaning of the patent claims asserted and then evaluate how the properly construed claims compare to the allegedly infringing device. *Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1369 (Fed. Cir. 2004). In order for a plaintiff to state a claim for patent infringement, the plaintiff must identify the patent alleged to have been infringed. Anderson neither identifies the patents at issue nor the subject of those patents. Anderson, therefore, fails to provide any information needed to raise a patent infringement claim beyond his use of the word "patent." In addition, the complaint contains no coherent or relevant allegations pertaining to the

conduct of any of the named Defendants. For these reasons, the Court dismisses Anderson's patent claim as frivolous.

Anderson's complaint also mentions negligence. Negligence is a state-law claim. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. For this Court to have jurisdiction over Anderson's state-law claim in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). A plaintiff must establish that each defendant is a citizen of a state different from the plaintiff's state in order to establish jurisdiction under Section 1332(a). *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346–47 (8th Cir. 2007). In addition, residency in a state does not equate to citizenship. *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Anderson alleges that he resides in Illinois and that Defendants Todd Weaver and Geoffrey Martha reside in Minnesota. Anderson does not allege the residency or citizenship of the remaining two defendants. Anderson, therefore, does not allege facts sufficient to establish that the Court has subject-matter jurisdiction over this lawsuit. In addition, when a district court dismisses all federal-law claims in a case, that court typically should not exercise supplemental jurisdiction over remaining state law claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). For this reason, the Court dismisses Anderson's negligence claim for lack of subject-matter jurisdiction.

In summary, Anderson's complaint is incoherent, and the Court cannot discern the requisite details regarding Anderson's claims from either his complaint or the exhibits he attaches thereto. For the reasons addressed above, the Court concludes that Anderson's

federal-law claims are frivolous and dismisses those claims without prejudice. The Court declines to exercise supplemental jurisdiction over and dismisses without prejudice Anderson's state-law negligence claim. The Court, therefore, dismisses this lawsuit without prejudice and denies Anderson's applications to proceed *in forma pauperis* as moot.[1]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff Micah Anderson's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Micah Anderson's applications to proceed *in forma pauperis*, (Dkts. 2, 3), are **DENIED AS MOOT**.

Dated:  August 12, 2022

S/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[1] To the extent that Anderson also requests appointment of counsel through his applications to proceed in forma pauperis, that request also is denied. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").