UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Micah Anderson,                                        Case No. 22-cv-0426 (WMW/ECW)

             Plaintiff,

                                                         **ORDER**

v.

Omar Ishark, et al.,

             Defendants.

---

This matter is before the Court on Plaintiff Micah Anderson's application to proceed *in forma pauperis* (IFP) on appeal. (Dkt. 15). For the reasons discussed below, Anderson's application is denied.

On February 14, 2022, Anderson commenced this action by filing a complaint alleging that Defendants violated various constitutional rights and committed certain personal-injury torts. Anderson also applied to proceed IFP. On August 12, 2022, the Court dismissed Anderson's complaint without prejudice and denied the accompanying IFP application as moot. On December 8, 2022, Anderson filed a notice of appeal and an application to proceed IFP on appeal.

Pursuant to Rule 4(a)(1)(A), Fed. R. App. P., an appellant must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." The deadline for doing so in this case was September 14, 2022, which was 30 days after the entry of judgment. Anderson's notice of appeal was filed on December 8, 2022. Anderson has plainly missed the deadline.

Although Rule 4(a)(5)(A)(i) permits a district court to "extend the time to file a notice of appeal," the deadline for seeking such an extension is 30 days after the Rule 4(a)(1)(A) deadline. Fed. R. App. P. 4(a)(5)(A)(i). Anderson's deadline for seeking an extension was October 14, 2022. Anderson has missed this deadline as well. Although there may be reason to believe that Anderson did not receive notice of the judgment within 21 days of the date of its entry, the notice of appeal is dated October 4, 2022. This notation establishes that Anderson received noticed of the judgment no later than October 4, 2022. Pursuant to Rule 4(a)(6)(B), Fed. R. App. P., the Court may reopen the period for filing a notice of appeal only if the request to reopen "is filed within 180 days after the judgement or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Anderson did not send his notice of appeal until after 14 days following his receipt of notice of the entry of judgment, even accounting for mailbox-rule considerations. *See* Fed. R. Civ. P. 6(d). Accordingly, the Court lacks the authority to grant Anderson any additional time to file a notice of appeal.

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Because Anderson's appeal is plainly untimely, the Court concludes that Anderson has not taken this appeal in good faith. *See, e.g.*, *Miller v. Lincoln Cnty.*, 171 F.3d 595, 595–96 (8th Cir. 1999). As such, the Court denies Anderson's application to proceed IFP on appeal.

Moreover, Anderson is a "prisoner" within the meaning of 28 U.S.C. § 1915(b), (h). As such, the filing fee for the notice of appeal Anderson filed

cannot be waived. *Id.*; *Henderson v. Norris*, 129 F.3d 481, 483–84 (8th Cir. 1997) (per curiam). Had the Court granted Anderson's application to proceed IFP on appeal, that decision would have, at most, merely permitted Anderson to pay the filing fee for the appeal in installments, rather than in full and in advance. *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). Jail officials, therefore, will be ordered to deduct funds from Anderson's institutional account and submit such funds to the Court.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff Micah Anderson's application to proceed *in forma pauperis* on appeal, (Dkt. 15), is **DENIED**.

2. The filing fee of $505.00 for the appeal in this matter is due immediately.

3. Plaintiff Micah Anderson must pay the $505.00 appellate filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4. The Clerk of Court shall provide notice and a copy of this Order to the authorities at the institution where Plaintiff Micah Anderson is confined.

Dated: December 21, 2022
                                                       s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge